COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-370-CV
 
 
 
IN 
THE INTEREST OF A.M., A CHILD
 
 
 
------------
 
FROM 
THE 323RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Maria 
V., a/k/a Carlotta M., appeals from the trial court’s order terminating her 
parental rights to her child, A.M.  In three issues, appellant challenges 
the legal and factual sufficiency of the evidence to support the grounds for 
termination and the trial court’s finding that termination is in A.M.’s best 
interest.  We will affirm.
        In 
her first issue, appellant contends that the evidence is legally and factually 
insufficient to support the trial court’s finding that she knowingly placed or 
allowed A.M. to remain in conditions or surroundings that endangered her 
emotional and physical well-being.[2]
        A.M. 
was born to appellant in October 1990, when appellant was fourteen years old, 
and remained in her care until February 2000.  In 1994, 1997, and 2000, 
child protective services (CPS) investigated allegations that A.M. had been 
abused sexually by her father and two of appellant’s boyfriends.  The 
first investigation was inconclusive, but CPS concluded it had reason to believe 
that the latter two instances of sexual abuse had actually occurred.
        Appellant 
did not remove A.M. from the abusive situations even after she was aware of the 
allegations.  A.M. told CPS that she could not live with appellant because 
the people appellant lived with touched her private areas.  A.M. revealed 
to CPS her history of being sexually abused by various family members on a 
number of occasions.  Appellant admitted her inability to protect A.M., and 
in February 2000, A.M. and her brothers were removed from appellant’s home due 
to appellant’s “lack of protection.”
        Applying 
the appropriate standards of review,[3] we hold that 
this evidence is legally and factually sufficient to support the trial court’s 
finding that appellant knowingly placed or allowed A.M. to remain in conditions 
or surroundings that endangered her emotional and physical well-being.  
Accordingly, we overrule appellant’s first issue.[4]
        In 
her third issue, appellant contends that the evidence is legally and factually 
insufficient to support the trial court’s finding that termination was in 
A.M.’s best interest.[5]  Appellant asserts 
that termination was not in A.M.’s best interest because there was nothing in 
appellant’s psychological or behavioral history that showed she would “put 
[A.M.] at risk,” there was no evidence that A.M.’s foster family at the time 
of trial was a suitable placement for her, and A.M.’s CASA advocate testified 
at trial that A.M. had “some real separation issues” and wanted to see her 
mother.
        The 
record shows that A.M. did not want to live with appellant because she did not 
want to be hurt anymore.  A.M. did not feel safe living with appellant and 
blamed appellant for not protecting her.  A.M.’s CASA advocate and her 
current CPS case worker both testified that termination of appellant’s 
parental rights would be in A.M.’s best interest.  At the time of trial, 
A.M. had been with her current foster family for eight months, had improved in 
school, and had changed from a quiet, withdrawn child to one who was outgoing, 
fun-loving, and “excited about everything.”
        Although 
A.M. wanted to see appellant at some point, she consistently stated that she 
wanted to live with and be adopted by her foster parents, even if it meant never 
seeing her mother again.  A.M.’s foster mother testified that she and her 
husband were “absolutely” interested in adopting A.M.  A.M.’s foster 
mother also testified that she was open to allowing visits between A.M. and 
appellant if A.M. wanted them and they were good for her.
        We 
hold that this evidence is legally and factually sufficient to support the trial 
court’s finding that termination of appellant’s parental rights was in 
A.M.’s best interest.[6]  Accordingly, we 
overrule appellant’s third issue.  Having disposed of all of 
appellant’s issues, we affirm the trial court’s order terminating 
appellant’s parental rights to A.M.
 
 
                                                                  PER 
CURIAM
 
  
PANEL F:   CAYCE, 
C.J.; DAUPHINOT and HOLMAN, JJ.
 
DELIVERED: 
July 8, 2004
 


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Tex. Fam. Code Ann. § 
161.001(1)(D) (Vernon 2002).
3.  
See In re J.F.C., 96 S.W.3d 256, 265-66 (Tex. 2002) (setting out legal 
sufficiency standard of review for termination cases); In re C.H., 89 
S.W.3d 17, 25 (Tex. 2002) (setting out factual sufficiency standard of review 
for termination cases).
4.  
In light of our holding with regard to this issue, we need not consider 
appellant’s remaining complaints attacking the sufficiency of the evidence to 
support the other grounds for termination.  See Tex. R. App. P. 47.1.
5.  
See Tex. Fam. Code Ann. § 
161.001(2).
6.  
See J.F.C., 96 S.W.3d at 265-66; C.H., 89 S.W.3d at 25.